IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| STEVE TORELLO, as Trustee of the Central States Joint Board Health & Welfare Fund, and CHEMICAL & PRODUCTION WORKERS UNION, LOCAL 30, | ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 16 C 2435 |
| v. | ) ) | Judge Robert W. Gettleman |
| NAPLETON'S AUTO WERKS, INC., | ) ) | |
| Defendant. | ) ) | |
| NAPLETON'S AUTO WERKS, INC., | ) ) ) | |
| Third Party Plaintiffs, | ) ) | |
| v. | ) ) | |
| MY BENEFITS GROUP, INC., and ROD MAYNOR, individually, | ) ) ) | |
| Third Party Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Steve Torello, as Trustee of the Central States Joint Board Health & Welfare Fund (the "Fund") and the Chemical & Production Workers Union Local 30 (the "Union") have brought a collection action under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a), against defendant Napleton's Auto Werks, Inc., alleging breach of a Collective Bargaining Agreement ("CBA") with the Union, and a Participation Agreement with the Fund. The complaint seeks collection of union dues, initiation dues, and contributions to the Fund for the period November 1, 2012, through October 31, 2014 (the "Audit Period"). The

parties have filed cross-motions for summary judgment. For the reasons described below, defendant's motion is denied and plaintiffs' motion is granted.

## BACKGROUND

On or about September 26, 2012, defendant entered into a Recognition Agreement and Addendum, effective November 1, 2012, through October 31, 2013, in which it affirmed its intent to voluntarily recognize the Union as the exclusive bargaining agent of its non-supervisory employees, and agreed to become signatory to the CBA. On November 1, 2013, defendant executed an additional Recognition Agreement and Addendum, effective November 1, 2013, through October 31, 2014, again affirming its intent to recognize the Union.

In addition to the Union Agreements, defendant also entered into a Participation Agreement with the Fund, obligating defendant to pay contributions to the Fund for covered employees, "so long as the Employer is a party to a [CBA] with a local union affiliated with the Central States Joint Board . . .."

During the Audit Period, defendant remitted union dues and initiation fees each month to the Union according to the CBA, as well as welfare contributions to the Fund. On April 7, 2015, a payroll audit of defendant for the Audit Period revealed that defendant had failed to remit $368,179 in welfare contributions to the Fund and $21,713 in dues and initiation fees to the Union. Plaintiffs also claim and have quantified liquidated damages, costs of the audit, and attorneys' fees. Defendant has not contested any of these sums.

## DISCUSSION

Both parties have moved for summary judgment. Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a

matter of law." Fed. R. Civ. P. 56(a). The movant bears the burden of establishing both elements, Becker v. Tenebaum-Hill Associates, Inc., 914 F.2d 107, 110 (7th Cir. 1990), and all reasonable inferences are drawn in the non-movant's favor. Fisher v. Transco Services - Milwaukee, Inc., 979 F.2d 1239, 1242 (7th Cir. 1992). If the movant satisfies its burden, then the non-movant must set forth specific facts showing there is a genuine issue for trial. Nitz v. Craig, 2013 WL 593851, *2 (N.D. Ill. Feb. 12, 2013). In doing so, the non-movant cannot simply show some metaphysical doubt as to the material facts. Pignato v. Givaudan Flavors Corp., 2013 WL 995157, *2 (N.D. Ill. March 13, 2013) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986)). Summary judgment is inappropriate when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

Defendant does not dispute that it signed the agreements in question. Instead, it argues that the agreements are invalid and unenforceable because plaintiffs cannot demonstrate that a majority of defendant's employees executed authorization cards signifying their agreement to become members of Local 30. As defendant notes, each Recognition Agreement provides:

> 1. The employer agrees to recognize the Union as the exclusive bargaining agent of its employees in the unit set forth below subject to the Union demonstrating majority status by a showing of a majority of signed authorization cards executed by employees in the below mentioned unit.

According to defendant, plaintiffs have never and cannot now demonstrate that the Union had majority status when defendant entered into the 2012 or 2013 Recognition Agreement. Therefore, defendant argues that plaintiffs cannot establish the existence of a valid and enforceable CBA. The court disagrees.

3

There are two methods of establishing a binding bargaining relationship under the National Labor Relations Act ("NLRA"). National Labor Relations Board ("NLRB") certification of a Union's success in an election is the most common method. It is not, however, the only route by which a union may require the status of bargaining representative. NLRB v. Lyon & Ryan Ford, Inc., 647 F.2d 745, 750 (7th Cir. 1981). "An employer's voluntary recognition of a majority union remains a favored element of national labor policy." Id. An employer who has not recognized a union has the right to require an election regardless of the union's showing of majority status. "But once the employer recognizes the union, no matter how informally, he loses the right to require an election." Id.

In Lyon & Ryan, the union argued that the employer had recognized the union by checking authorization cards and then meeting with union representatives numerous times to discuss contractual provisions. The Seventh Circuit held that this course of conduct demonstrated that the employer had recognized the union. Id. at 751. Defendant attempts to distinguish Lyon & Ryan by arguing that in the instant case plaintiffs never supplied a majority of signed authorization cards to review. It is unclear from the record, however, whether defendant ever asked for the cards to be produced. What is clear is that defendant acted as if the Union was the bargaining representative by paying union dues and welfare contributions from November 1, 2012 through October 31, 2013, the period covered by the 2012 Recognition Agreement, and then signing the second Recognition Agreement on November 1, 2013, and making payments through October 31, 2014.

If defendant had a question as to the Union's majority status when defendant entered either of the Recognition Agreements, it could have and should have challenged that status in an

4

action before the NLRB within six months of signing the Agreement. 29 U.S.C. § 160(b); Raymond F. Kravis Center for Performing Arts, Inc. v. NLRB, 550 F.3d 1183, 1189 (D.C. Cir. 1, 2008). It failed to do so, and cannot now raise a lack of majority status as a defense, after recognizing the Union as the exclusive bargaining representative for over three years. Id.

The court also rejects defendant's argument that the agreements in question are "illegal pre-hire agreements" in violation of § 8(f) of the NLRA. "A pre-hire or 8(f) agreement is a contract agreed to by a union and an employer before the workers to be covered by the contract have been hired." NLRB v. Bufco Corp., 899 F.2d 608, n.1 (7th Cir. 1990). That is not the factual status of the instant case.

Consequently, because the court concludes that the agreements in question are valid and enforceable, defendant's motion for summary judgment (Doc. 11) is denied. Because defendant has not disputed the amounts asserted as due and owing in plaintiffs' motion for summary judgment, except to argue that the contracts are unenforceable, plaintiffs' motion for summary judgment (Doc. 29) is granted.

## CONCLUSION

For the reasons discussed above, defendant's motion for summary judgment (Doc. 11) is denied. Plaintiffs' motion for summary judgment (Doc. 29) is granted. Plaintiffs are directed to prepare a judgment order consistent with this opinion to be presented at the February 7, 2017, status conference.

**ENTER:** **January 26, 2017**

_____
**Robert W. Gettleman**
**United States District Judge**